*956 OPINION.
Teammell
: While the evidence convinces us that the taxpayer acquired valuable intangible assets for stock, it is wholly insufficient to enable us to make a finding as to what the value thereof was. Good will acquired for stock, subject to the statutory limitation, is properly a part of invested capital, but that part can not be determined, since we can not determine the value of the intangibles.
The taxpayer alleged in its petition that, if the Board did not allow it to include in its invested capital the value of intangibles, it would be entitled to have its taxes computed under section 210 of the Revenue Act of 1917 and section 328 of the Revenue Act of 1918, and that evidence as to the two corporations which it claimed should be used as comparatives.
From the evidence introduced as to comparative corporations, we are not convinced that the corporations offered as comparatives were similarly situated, within the meaning of the statute.
The case is therefore referred to the Commisisoner for a redeter-mination of the deficiency, if any, by computing the tax under the provisions of section 210 of the 1917 Act and section 328 of the 1918 *957 Act by the use of proper comparatives, the determination of the tax liability by the use of such comparatives to be final.
On reference to the Board, James did not participate.